IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KRISTYN EPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:20-cv-00176 |
| | ) | |
| FAIR COLLECTIONS & OUTSOURCING, | ) | By: Elizabeth K. Dillon |
| INC., *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kristyn Epps filed her complaint in this action asserting a claim for a violation of the Fair

Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, on her own behalf and on

behalf of a class of others similarly situated, against defendant Fair Collections & Outsourcing,

Inc. (FCO).   (Compl., Dkt. No. 1.)   Specifically, she claims that a letter sent by FCO contained a

false or misleading representation in violation of § 1692e.   FCO seeks dismissal of Epps' claim

under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Epps does not allege a "debt" as

defined by the FDCPA; (2) the notice was not sent to collect on Epps' obligation because it was

sent only after the obligation had been satisfied; (3) the notice did not have a material effect on

Epps' decision to pay the obligation because it was sent after Epps made her final payment; and (4)

even if Epps successfully alleged that FCO attempted to collect a debt, and that the notice

contained a material statement, that statement would not deceive even the least sophisticated

consumer.   The court finds that Epps has failed to meet the threshold requirement that the

obligation constitute a "debt" actionable under the FDCPA.[1]   Accordingly, the court will dismiss

---

[1] Because Epps' complaint fails at this initial stage of the analysis, the court does not reach the defendant's remaining arguments.

the complaint without prejudice for failure to state a claim.

## I.   BACKGROUND

Epps alleges that at "[s]ome time prior to March 25, 2019 an obligation was allegedly incurred to Home Properties L.P."   (Compl. ¶ 21.)   The "obligation arose out of transactions . . . primarily for personal, family or household purposes."   (*Id.* ¶ 22.)   Home Properties then contracted with the FCO to collect the debt.   (*Id.* ¶ 25.)

On March 25, 2019, FCO mailed Epps a letter with the heading "NOTICE OF SETTLEMENT IN FULL."   The letter notes that Epps' account was settled in full, and that FCO had requested consumer reporting agencies update her account to reflect that status.   (*Id.* ¶¶ 27–29.)

Epps contends that the phrase "settled in full" is false and misleading because it suggests two contradictory resolutions of the debt: (1) the account was paid in full; or (2) the account was settled for less than the full amount.   She asserts that the phrase is contradictory and materially misleading because it uses both the terms "settled," which indicates termination of the obligation with less than payment in full, and "in full," which would suggest payment in full of the obligation. As a result, she alleges that the phrase may cause improper credit reporting because it is unclear how the account will be reported—as settled or paid in full.   (*Id.* ¶¶ 30–33.)

## II.   DISCUSSION

### A.   Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations must "state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   This standard "requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief,

*i.e.*, the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir.

2009) (quoting *Iqbal*, 556 U.S. at 678).   The plausibility standard requires more than "a sheer

possibility that a defendant has acted unlawfully."   *Iqbal*, 556 U.S. at 678.

In determining whether the plaintiff has met this plausibility standard, the court must

accept as true all well-pleaded facts in the complaint and may also consider documents attached to

or incorporated by reference into the complaint.   *Sec'y of State for Defence v. Trimble Navigation*

*Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); Fed. R. Civ. P. 10(c).   Further, it must "draw[] all

reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of*

*Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it "need not accept legal conclusions couched as

facts or 'unwanted inferences, unreasonable conclusions, or arguments,'" *Wag More Dogs, LLC v.*

*Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th

Cir. 2008)).

## B.   Epps Has Not Alleged a "Debt" Actionable Under the FDCPA

"Congress enacted the Fair Debt Collection Practices Act to eliminate abusive debt

collection practices."   *Carroll v. Wolpoff & Abramson*, 961 F.2d 459, 460 (4th Cir. 1992).

"Consequently, a threshold requirement for application of the FDCPA is that the prohibited

practices are used in an attempt to collect a 'debt.'"   *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86,

87–88 (4th Cir. 1994).   The FDCPA defines a "debt" as:

> any obligation or alleged obligation of a consumer to pay money
> arising out of a transaction in which the money, property, insurance,
> or services which are the subject of the transaction are primarily for
> personal, family, or household purposes, whether or not such
> obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

In *Mabe*, the Fourth Circuit clarified that "the type of 'transaction' which creates a 'debt' under the FDCPA is one in which 'a consumer is offered or extended the right to acquire money, property, insurance, or services which are primarily for household purposes and to defer payment.'"   *Mabe*, 32 F.3d at 88 (internal quotations omitted) (quoting *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1168–69 (3d Cir. 1987)).   This court has previously interpreted *Mabe* as excluding from the definition of "debt" obligations that "were not incurred to receive consumer goods or services."   *Nance v. Petty, Livingston, Dawson, & Devening*, 881 F. Supp. 223, 225 (W.D. Va. 1994) (quoting *Mabe*, 32 F.3d at 88); *see also Vaile v. Willick*, No. 6:07cv00011, 2008 WL 204477, at *5–6 (W.D. Va. Jan. 24, 2008) (holding that the obligation at issue "would not implicate the FDCPA because it does not arise from a consumer transaction").

Epps has failed to allege a "debt" with enough particularity to state a claim under the FDCPA.   Her complaint states that "[s]ome time prior to March 25, 2019 an obligation was allegedly incurred to Home Properties L.P.," which "obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes."   (Compl. ¶¶ 20–21.)   These allegations merely state a legal conclusion and track the FDCPA's definition of a "debt."   However, "[t]o adequately plead facts showing a consumer debt, a plaintiff *must do more than merely track the statute's language*." *Piper v. Meade & Assocs., Inc.*, 282 F. Supp. 3d 905, 911 (D. Md. 2017); *see also Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 270–72 (E.D.N.Y. 2018) (discussing numerous cases in which "courts have concluded that plaintiffs who recite the statutory definition of 'debt' rather than plead facts regarding the debt's nature have not adequately pled an FDCPA claim").

Epps argues that "courts have often only found the bare-bones allegations that a debt was incurred for personal reasons insufficient on a motion to dismiss when the complaint otherwise

contains contrary inferences."   (Pl.'s Resp. 6, Dkt. No. 18.)   But the two cases on which Epps

relies are distinguishable and are not supportive of her proposed standard.   In *Norton v. LVNV*

*Funding, LLC*, 396 F. Supp. 3d 901 (N.D. Cal. 2019), the plaintiff failed to plead facts about the

nature of her credit card debt.   The plaintiff alleged, however, that every credit card she owned

was for personal use and that she had never operated a business.   The court noted that it was clear

the plaintiff did not have concrete information about the debt because of how much time had

passed since it was incurred.   The court held that the plaintiff sufficiently alleged a "debt," but not

simply because she avoided pleading contrary facts.   Rather, the court adopted the same standard

stated above: "A plaintiff must allege a consumer debt but may do so through non-conclusory

factual allegations that support plausible inferences."   *Id.* at 912.

In *Sayeed v. Cheatham Farms Master Homeowners' Ass'n*, No. CV 18-2073 PA, 2018 WL

4297480 (C.D. Cal. Sept. 7, 2018), the court granted a motion for judgment on the pleadings where

the plaintiffs' own factual allegations belied their conclusory statements that the obligation at issue

was a "consumer debt."   The alleged debt was delinquent homeowners' association dues for a

house in Arizona, but the plaintiffs alleged that they "resided exclusively and continuously" in Los

Angeles for years.   The court granted the motion, finding that the property was used to generate

rental income, not for personal, family, or household purposes.   In *Sayeed*, the plaintiff

affirmatively pled facts suggesting the obligation did not meet the FDCPA's definition of a "debt."

*Id.* at *1–3.   While Epps did not affirmatively plead facts contradicting her allegations that the

obligation to Home Properties was a "debt," that does not save her from the inadequacies in her

own complaint.[2]

---

[2] Interestingly, Epps has alleged, similar to *Sayeed*, that she currently resides at a different address than that referenced in the letter from FCO.   Granted, the simplest explanation for this may be that Epps relocated since incurring the obligation to Home Properties.   But given the lack of context and supporting factual allegations in her complaint, this raises further questions about whether the alleged debt was incurred for personal purposes or whether

Epps next argues that the letter from FCO attached to her complaint shows that the "debt" here was in fact a consumer debt because it refers to "Home Properties LP" and is related to a residential address.   Relying on the definition of "home" from the Merriam-Webster Online Dictionary, Epps asserts that the name of the creditor, "Home Properties," suggests that the debt was associated with a personal residence.   She further points the court to Home Properties Inc.'s filing with the U.S. Securities and Exchange Commission, noting that the filing indicates Home Properties invests in apartment complexes.[3]

Epps is correct that courts have previously looked to facts describing the owner of the debt to determine whether it was a consumer debt actionable under the FDCPA.   *See Piper*, 282 F. Supp. 3d at 911.   However, such allegations are sufficient "only when the nature of the debt is clear from either the owner's name or additional clarifying language."   *Id.*   The name "Home Properties" might indicate that the debt owned by Home Properties generally relates to residential property, but that does not preclude the possibility that Epps used the residential property for commercial purposes.   For the same reasons, Epps' reliance on the alleged collection letter, which she states "definitively gives a *residential* address with a unit number," is unavailing here.   (Pl.'s Resp. 8.)

Epps contends that "it cannot reasonably be said that it is 'common knowledge' that apartments are *regularly* used for commercial purposes."   (*Id.* at 9.)   To the contrary, apartments and townhomes are often owned as investment properties.   For example, in *Sayeed*, on which Epps relies, the court acknowledged that an obligation related to investment property is not a

---

this was an obligation incurred for investment or business purposes.

[3] Epps asks the court to take judicial notice of the definition of the word "home" and Home Properties' securities filing.   As FCO points out, however, Epps has alleged that the obligation here was incurred to "Home Properties L.P.," whereas the filing she cites is for "Home Properties Inc."   Moreover, even if the court took judicial notice of these documents, it would not affect the court's analysis here.

"debt" under the FDCPA.  *Sayeed*, 2018 WL 4297480, at *2–3; *see also Nwaizuzu v. Dunlap Gardiner Attorneys at Law, LLP*, No. 1:17-CV-3850-ELR-JCF, 2019 WL 2323611, at *4 (citing cases supporting the statement that "Debts incurred through activity relating to rental properties or for investment purposes do not fall under the protection of the FDCPA"); *Fischer v. Fed. Nat'l Mortg. Assoc.*, 302 F. Supp. 3d 1327, 1331–32 (S.D. Fla. 2018) (rejecting the argument that an investment property was a "debt" because it was purchased as a "personal investment" and that its residential nature limited its use to "personal, family, or household purposes").

Epps describes FCO's motion to dismiss as "idle speculation" regarding the possible nature of the obligation.   But Epps' complaint and the attached letter from FCO are silent as to the true nature of the obligation owned by Home Properties.   The inference Epps asks the court to make—that she used the property for a personal, family, or household purpose—would be equally conjectural given the lack of allegations in her complaint.   Although it is certainly possible that the obligation to Home Properties is for a "debt" as defined by the FDCPA, Epps' allegations amount to little more than a recitation of the definition in § 1692a(5) and are therefore insufficient to state a plausible claim for relief.[4]

### III.   CONCLUSION

For the reasons stated above, it is hereby ORDERED that FCO's motion to dismiss (Dkt. No. 6-1) is GRANTED IN PART and DENIED IN PART,[5] and Epps' complaint (Dkt. No. 1) is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).   It is further

---

[4] There is no motion for leave to amend pending before the court.   However, if Epps chooses to file a motion for leave to amend her complaint, with a proposed amended complaint, the court suggests she review the accuracy and sufficiency of her remaining allegations as well.   For example, in a number of places, Epps refers to defendants "Federal" or "Dynamic," apparently referring to two entities that, at least as of yet, are not involved in this action. (Compl. ¶¶ 26, 27.)

[5] Specifically, the motion is denied only as to FCO's request for dismissal with prejudice.   As noted above, the court does not reach the remaining arguments from FCO's motion to dismiss.

ORDERED that if Epps intends to seek leave to amend her complaint, she must do so within twenty-one (21) days of this order or the case will be struck from the court's active docket.

The clerk shall provide copies of this order to all counsel of record.

Entered: August 10, 2020.


/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge