IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KRISTYN EPPS, individually and on behalf of others similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>FAIR COLLECTIONS & OUTSOURCING,  )<br>INC. and JOHN DOES 1-25,  )<br>)<br>Defendants.  ) | Civil Action No. 7:20-cv-00176<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is defendant Fair Collections and Outsourcing, Inc.'s motion to dismiss plaintiff's amended complaint for failure to state a claim on which relief may be granted. (Dkt. No. 32.) The motion has been fully briefed and is ripe for resolution. For the reasons stated below, the court will grant the motion to dismiss with prejudice.

I. BACKGROUND

Prior to March 25, 2019, plaintiff Kristyn Epps incurred an obligation, which she alleges is a debt, to Home Properties, L.P. (Am. Compl. 6[1], Dkt. No. 31.) The debt arose from Epps's early termination of a lease on a property she used as her personal residence. (*Id.*) Home Properties contracted with defendant Fair Collections and Outsourcing, Inc. ("Fair Collections") to collect Epps's debt. (*Id.*)

On March 25, 2019, Fair Collections sent Epps a letter regarding the debt she owed to Home Properties. (*Id.* at 7.) The letter was titled "NOTICE OF SETTLEMENT IN FULL." (Dkt. 1-1.) The body of the letter stated:

---

[1] Cites are to the page numbers, and not the paragraph numbers, of the amended complaint.

> To: KRISTYN EPPS
>
> Our office is in receipt of your letter. The account above is settled in full. Additionally, we have requested the account be updated with the consumer reporting agencies as settled in full.
>
> Please be advised that we may be required to respond to multiple identical requests.
>
> This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.
>
> Sincerely,
> Compliance Department

(Dkt. No. 1-1.)

At the top of the letter, Fair Collections provided the following chart:

| Account Number: | Principal Amount: | Payments To FCO: | Account Balance: |
|---|---|---|---|
| Creditor: HOME PROPERTIES L.P. | $1,544.52 | $1,000.00 | $0.00 |

(*Id.*)

On March 20, 2020, Epps filed a class action suit against Fair Collections[2] on behalf of herself and others who received a similar settlement letter, which complaint was later amended. (Am. Compl.) Epps alleges that Fair Collections violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. (Am Compl. 8.) Specifically, Epps claims that the statement "settled in full" is false and misleading in violation of 15 U.S.C. § 1692e(10) because the statement indicates the contrary propositions that her debt was both paid in full and settled for a discount less than the full debt. (*Id.* at 7–8.) Further, Epps alleges that the statement "settled in

---

[2] Epps also sued John Does 1-25, individuals and businesses whose identities Epps expected would be disclosed during discovery. (Am. Compl. 3.)

full" misrepresents the character, amount, or legal status of her debt in violation of 15 U.S.C. § 1692e(2)(A). (*Id.* at 8.) Epps demands a jury trial and seeks statutory and actual damages, as well as attorney's fees. (*Id.* at 9.)

On April 4, 2020, Fair Collections filed its first motion to dismiss for failure to state a claim arguing, in part, that Epps failed to establish that her debt was covered by the FDCPA because she did not plead facts to indicate that the debt was for personal, family, or household uses. (Dkt. No. 4 at 8.) The court granted the motion to dismiss without prejudice. (Dkt. No. 22.) Epps, with leave of court, filed an amended complaint pleading that the debt was personal. (Dkt. Nos. 30, 31.)

Fair Collections then filed a second motion to dismiss. (Dkt. No. 32.) Fair Collections argues that: (1) the FDCPA does not apply to the letter at issue because Fair Collections was not attempting to collect a debt; (2) the letter was not material to Epps's decision to pay her debt because she paid the debt before she received the letter; and (3) the term "settled in full" would not deceive the least sophisticated consumer. (Dkt. No. 33 at 5–14.) In response, Epps argues that: (1) the letter at issue stated it was "an attempt to collect a debt"; (2) the letter was material to Epps as it relates to credit reporting; and (3) the phrase "settled in full" would confuse the least sophisticated consumer in this context. (Dkt. No. 34 at 9–19.)

## II.  DISCUSSION

**A.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a dismissal when a plaintiff fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a

right to relief above the speculative level." *Id.* at 550.  A court will accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A court need not accept "legal conclusions drawn from the facts," nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In adjudicating a motion to dismiss, a court's review is "generally limited to a review of the allegations of the complaint itself."  *Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).  "[A court may] also consider documents that are explicitly incorporated into the complaint by reference, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and those attached to the complaint as exhibits, *see* Fed. R. Civ. P. 10(c)."  *Id.*

"As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."  *Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202 (4th Cir. 2001) (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)).  While a court may not "consider the allegations of the original complaint, . . . [it may] consider certain exhibits attached to the original complaint that are 'integral to and explicitly relied on in the [amended] complaint,' and whose authenticity is not challenged."  *Id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  "Such exhibits are not superseded if the amended complaint effectively integrates them."  *Id.*  "Moreover, [] consideration of exhibits that were attached to the original complaint, omitted from the amended complaint, but still referred to, integral to, and relied upon in the amended complaint, furthers the policy of '[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon

which their claims are based.'" *Id.* at 202–03 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *Phillips*, 190 F.3d at 618). Here, the court will consider the settlement letter attached to the original complaint as it is integral to and specifically referenced in the amended complaint.

**B. No False or Misleading Representations**

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. Accordingly, the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10), and the "false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), are violations of the FDCPA.

"Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer.'" *Conteh v. Shamrock Cmty. Ass'n, Inc.*, 648 F. App'x 377, 379 (4th Cir. 2016) (quoting *Powell v. Palisades Acquisition XVI, LLC,* 782 F.3d 119, 126 (4th Cir. 2014)). "When viewing a misstatement from the perspective of the 'least sophisticated consumer,' [courts] 'consider how a naive consumer would interpret the statement.'" *Id.* (quoting *Elyazidi v. SunTrust Bank,* 780 F.3d 227, 234 (4th Cir. 2015)). "However, [courts] do not give credit to 'bizarre or idiosyncratic interpretations'; [rather the court must] assume 'a quotient of reasonableness and . . . a basic level of understanding and willingness to read with care.'" *Elyazidi*, 780 F.3d at 234 (quoting *United States v. Nat'l Fin. Servs., Inc.,* 98 F.3d 131, 136 (4th Cir. 1996)). Moreover, "'[a] misstatement must be material to sustain a claim under 15 U.S.C. § 1692e; that is, the misstatement must have the potential to

'frustrate [the least sophisticated] consumer's ability to intelligently choose his or her response,' or must be the type of misstatement that 'would have been *important* to the consumer *in deciding how to respond* to efforts to collect the debt.'" *Conteh*, 648 F. App'x at 379 (quoting *Powell*, 782 F.3d at 127).

When applying the least sophisticated consumer test, the court must consider allegedly false or misleading language "in the context of the entirety of the documents on which the language appeared." *Ramsay v. Sawyer Prop. Mgmt. of Maryland LLC*, 593 F. App'x 204, 208 (4th Cir. 2014); *see also Vitullo v. Mancini*, 684 F. Supp. 2d 747, 756 (E.D. Va. 2010) ("the communications must be examined as whole, not sentence-by-sentence"). "Given the objective nature of this inquiry, a district court's application of the least sophisticated consumer test ordinarily presents a question of law." *Ramsay*, 593 F. App'x at 208.

In *Cosio v. AFNI Inc.*, No. CV-19-05230-PHX-DLR, 2020 WL 836546, at *1 (D. Ariz. Feb. 20, 2020), the court held that a letter stating a debt was "settled in full" "would not mislead or deceive even the least sophisticated debtor . . . [and] did [not] misstate the character, amount, or legal status of the debt." The letter at issue was titled "DISCOUNTED PAYMENT OFFER" and explained that the debt collector "would accept 60% of the current balance, $95.92, to resolve the balance." *Id.* Moreover, the letter stated "[o]nce you pay this discounted amount, your account will be closed." *Id.* The court reasoned that even "[a] consumer with a basic level of understanding and a willingness to read with care would have understood the entirety of the letter to mean that, in exchange for a payment of $95.92, [the debt collector] would resolve and close the account." *Id.*; *see also Collins v. Diversified Consultants Inc.*, No. 15-CV-02115-RBJ-NYW, 2017 WL 8942568, at *25 (D. Colo. Feb. 1, 2017) (finding that the statement "the credit

6

bureau report will be updated to reflect the account as being settled in full" was not false or misleading).

Epps argues that *Cosio* is distinguishable from the instant case because the letter in *Cosio* did not include the FDCPA disclaimer included here. (Dkt. No. 34 at 18.) The FDCPA disclaimer in Epps's letter states, "This communication is an attempt to collect a debt by a debt collector." (Dkt. No. 1-1.) However, even with this disclaimer, the least sophisticated consumer would be able to understand the meaning of "settled in full" within the context of this settlement letter. First, the title of the letter, "NOTICE OF SETTLEMENT IN FULL," indicates that the letter is providing notice of a settlement. (*Id.*) Second, the chart at the top of the letter clearly states the principal amount of the debt ($1,544.52), the amount paid to Fair Collections ($1,000), and the account balance ($0.00). (*Id.*) Even the least sophisticated consumer would understand that his or her debt was settled because the account balance owed on the debt is $0.00.

Epps also argues that the term "settled in full" is contradictory. Epps notes that "'[s]ettled' means paying something for less than the amount owed, and 'in full' suggests exactly the opposite – paying off a debt fully and completely." (Dkt. No. 34 at 17.) This argument is unpersuasive. Epps misleadingly reads the word "settled" and "in full" in isolation when the words must be read together and in the context of the entire letter. When the words are read together, the least sophisticated consumer would understand the term "settled in full" to mean that the debt was settled and the full amount of the settlement was paid. A contrary interpretation is unreasonable, particularly given that the letter indicates that the balance owed on the debt is $0.00. Thus, even with the FDCPA disclaimer, the term "settled in full" is neither false[3] nor misleading.

---

[3] Epps does not dispute that she paid $1,000 on the debt, and Fair Collections represents that the debt was settled for this amount. (Dkt. No. 33 at 17.)

Given this ruling, no additional amendments would enable plaintiff to state a claim, so the case will be dismissed with prejudice.

### III.  CONCLUSION

For the reasons stated above, the court will grant defendant's motion to dismiss, and an appropriate order will be entered.

Entered: September 21, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge